[50 NYS3d 539]

In the Matter of MATTHEW THOMAS LIBOUS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 5, 2017

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Scalise & Hamilton*, Scarsdale (*Deborah A. Scalise* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Ninth Judicial District served the respondent with a petition containing a single charge of professional misconduct. After a hearing conducted on April 20, 2016, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent has submitted a response in support of the Grievance Committee's motion to confirm, and contends that the appropriate sanction for his misconduct is a one-year suspension nunc pro tunc to the date of his suspension under the interim order of suspension.

Charge one alleges that the respondent engaged in professional misconduct, as defined in former 22 NYCRR 691.2 and Judiciary Law § 90, based on his conviction of a crime. On June 30, 2014, an indictment was filed in the United States District Court for the Southern District of New York charging the respondent with one count of obstructing and impeding the due administration of the Internal Revenue Service (count one, in violation of 26 USC § 7212 [a]) and five counts of subscribing to false tax returns (counts two through six, each in violation of 26 USC § 7206 [1]). The indictment alleged that the respondent failed to report income of between $9,800 and $129,000 yearly from the years 2007 through 2011. On or about

January 6, 2015, a superseding indictment, inter alia, added a seventh count, alleging an additional violation of 26 USC § 7206 (1), for filing a false amended 2011 tax return that failed to report income of $75,000.

The respondent was tried without a jury before United States District Court Judge Vincent L. Briccetti. On January 26, 2015, Judge Briccetti delivered his verdict on the record, finding the respondent guilty of counts two, three and four of the superseding indictment (each in violation of 26 USC § 7206 [1]), and not guilty of the remaining counts.

On May 18, 2015, Judge Briccetti sentenced the respondent to six months' imprisonment on each count, to run concurrently; one year of supervised release; 100 hours of community service, a fine in the sum of $25,000, along with an assessment in the sum of $300. In addition, the respondent was directed to pay the sum of $3,075 as the costs of the prosecution.

Following his conviction of the crimes which form the basis of charge one, the respondent failed to notify this Court of the conviction within 30 days thereafter, in violation of Judiciary Law § 90 (4) (c).

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained the charge, including the allegation/charge that respondent failed to notify this Court of the conviction. With respect to the latter, we find that the respondent made a good faith effort to notify the Court, notwithstanding the fact that he mistakenly addressed his letter to the Committee on Character and Fitness. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

With regard to mitigation, the Special Referee found that the respondent had rehabilitated himself, was remorseful, and would not make the same mistake twice.

In urging the Court to impose a one-year suspension nunc pro tunc to the date of the interim suspension order, the respondent asks that the following mitigating factors be considered: his genuine remorse, his unblemished disciplinary history, his cooperation with the investigation, the lack of venality, the lack of harm to any client, his various pro bono and community activities, his active and leadership role in the Hillsong Church, proactive measures he has undertaken to avoid future violations of the tax code, and his general reputation for honesty and trustworthiness in the community.

Under the totality of the circumstances, including the aforementioned mitigating circumstances, we find that a suspension from the practice of law for one year is warranted, with credit for the time elapsed under the decision and order of this Court dated January 25, 2016 (2016 NY Slip Op 62233[U]).

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Matthew Thomas Libous, is suspended from the practice of law for a period of one year, with credit for the time elapsed under the decision and order of this Court dated January 25, 2016, and continuing until further order of this Court. In any future application for reinstatement (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during that period he has (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Matthew Thomas Libous, shall continue to promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Matthew Thomas Libous, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Matthew Thomas Libous, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).